IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONNA M. ALLEN,

    Plaintiff,

v.                                      3:12-CV-02381-N-BK

JUSTICE OF THE PEACE PRE 4-2,
et al.,

    Defendants.

## ORDER

Pursuant to *Special Order 3-283*, this case has been referred to the undersigned for pretrial management. The *pro se* Plaintiff originally filed this action in state court, raising claims of wrongful foreclosure, fraud, and misrepresentation stemming from the 2012 foreclosure of her home. (Doc. 1-1 at 4-5). She also sought an injunction to prevent the foreclosure. *Id.* at 5. Defendants removed the action to federal court and moved to dismiss. (Doc. 1). The cause is now before the Court on Defendant Ocwen Loan Servicing, LLC's *Motion to Dismiss or Alternative Motion for More Definite Statement*. (Doc. 6). Defendant filed its motion on July 23, 2012. Plaintiff was required to file her response, if she opposed the relief requested, by August 13, 2012, but she did not do so. *See* N. D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadline for filing responses to motions).

Due to Plaintiff's failure to respond to Defendant Ocwen Loan Servicing, LLC's *Motion to Dismiss or Alternative Motion for More Definite Statement*, this Court ordered Plaintiff to respond to the motion no later than December 17, 2012, if she was opposed to the dismissal of her case against that Defendant. The undersigned warned Plaintiff that, if she did not respond, she risked dismissal of her case without further notice. (Doc. 14). The December 17 deadline

has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant Ocwen Loan Servicing LLC's dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, the statute of limitations on Plaintiff's wrongful foreclosure and fraud claims does not appear to expire until 2016. *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004) (noting four-year statute of limitations for wrongful foreclosure claims); TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) (noting four-year statute of limitations for fraud claims). Plaintiff also has until 2014 to re-file her misrepresentation claim. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (noting two-year statute of limitations for negligent misrepresentation claims). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiff's legal interests.

Accordingly, the District Court should dismiss this action against Defendant Ocwen Loan Servicing, LLC without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on December 18, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE